UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

DANIEL M. MORALES,
LUIZ R. CARVALHO,
MANUEL S. LEON,
and other similarly situated individuals,

    Plaintiffs,

v.

EVENT EFFECTS GROUP LLC, and
MITCH AMSTERDAM, individually,

    Defendants,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COME NOW the Plaintiffs DANIEL M. MORALES, LUIS R. CARVALHO, and MANUEL S. LEON, for themselves and on behalf of other similarly situated individuals, by and through the undersigned counsel, hereby sue Defendants EVENT EFFECTS GROUP LLC, and MITCH AMSTERDAM, individually, and alleges:

INTRODUCTION

1. Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

2. Plaintiffs contend that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay the Plaintiffs and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

3. This action is intended to include every hourly-paid party rental employee, supervisors, and similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## JURISDICTION AND VENUES

4. This is an action to recover money damages for unpaid overtime wages under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

5. The venue is proper in this Court because all the actions raised in this Complaint took place in Broward County, Florida, within this Court's jurisdiction.

## PARTIES

6. At all times material to this action, Plaintiffs DANIEL M. MORALES, LUIS R. CARVALHO, and MANUEL S. LEON are residents of Broward County, within the jurisdiction of this Court. Plaintiffs are covered employees for purposes of the Act.

7. At all times material to this action, Defendant EVENT EFFECTS GROUP LLC (hereinafter EVENT EFFECTS GROUP, or Defendant) is a Florida corporation that has a place of business within the jurisdiction of this Court.

8. At all times material to this action, Plaintiffs were engaged in commerce within the meaning of §206 and §207 of the FLSA.

9. At all times material to this action, Plaintiffs were employees of Defendant within the meaning of §203 of the FLSA.

10. At all times material to this action, Defendant was Plaintiffs' employer, within the meaning of §203 of the FLSA.

11. Defendant was and continues to be an employer within the meaning of the FLSA.

12. At all times material to this action, Defendant was and continue to be an enterprise engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides party rental services to the public and, through its business activity, affects interstate commerce. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using interstate commerce's instrumentalities to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions.

13. At all times material to this action, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum.

14. At all times material to this action, Plaintiffs and those similarly situated employees were employed by an enterprise engaged in interstate commerce.  Plaintiffs and those similarly situated worked as Party rental employees, and through their daily activities, Plaintiffs and those similarly situated, not only regularly, handled, or otherwise worked on goods and/or materials that had been produced for commerce and moved in interstate commerce at any time in business. Therefore, there is FLSA individual coverage.

15. At all times material to this action, Plaintiffs' work was essential to the business performed by Defendant.

16. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

17. The individual Defendant MITCH AMSTERDAM was and is now the owner/officer and manager of Defendant Corporation EVENT EFFECTS GROUP. Defendant MITCH AMSTERDAM is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

18. All the actions raised in this Complaint took place in Broward County, Florida, within this Court's jurisdiction.

## STATEMENT OF FACTS

19. This cause of action is brought by Plaintiffs DANIEL M. MORALES, LUIS R. CARVALHO, and MANUEL S. LEON as a collective action to recover from the Defendants overtime compensation liquidated damages, and the costs and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiffs and all other current and former employees similarly situated to Plaintiffs ("the collective class members") and who worked over forty (40) hours during one or more weeks on or after March 2018, (the "relevant time") without being adequately compensated.

20. Defendant EVENT EFFECTS GROUP WALDORF is a full-service event production and party rental company specializing in planning and designing significant events. Defendant rents lighting, sound equipment, furniture, decor, tents, etc.

21. Defendants EVENT EFFECTS GROUP and MITCH AMSTERDAM employed Plaintiff DANIEL M. MORALES from approximately November 01, 2018, to February 02, 2020, or 65 weeks. Plaintiff was hired as a non-exempted, full-time, hourly employee. Plaintiff's last wage-rate was $14.00 an hour.

22. Defendants EVENT EFFECTS GROUP and MITCH AMSTERDAM employed Plaintiff LUIZ R. CARVALHO from approximately October 01, 2017, to December 08, 2020, or 114 weeks. However, for FLSA purposes, Plaintiff's relevant employment period is 89 weeks. Plaintiff was hired as a non-exempted, full-time, hourly employee. Plaintiff's last wage-rate was $15.50 an hour.

23. Defendants EVENT EFFECTS GROUP and MITCH AMSTERDAM employed Plaintiff MANUEL S. LEON from approximately October 03, 2017, to March 12, 2020, or 127 weeks. However, for FLSA purposes, Plaintiff's relevant employment period is 103 weeks. Plaintiff was hired as a non-exempted, full-time, hourly employee. Plaintiff's last wage-rate was $14.00 an hour.

24. Plaintiffs' job duties consisted of but were not limited to warehousing work, driving, loading, unloading, assemble and disassemble equipment, construction, installation, set-up furniture, florals, decorations, etc.  Plaintiff performed all tasks associated with the production of an event.

25. During their relevant employment period with the Defendants, Plaintiffs had a very irregular schedule. Plaintiffs worked six or more days, day and night shifts, a minimum average of 80 hours per week. Plaintiffs were not able to take bonafide lunch periods.

26. Plaintiffs worked more than 40 hours every week, but they were not paid for all their working hours.  Plaintiffs were paid a different number of O/T hours at their regular wage rate.  However, the remaining O/T hours were not paid at any rate, not even at the minimum wage rate.

27. Plaintiff clocked in and out, and they also signed timesheets. The Defendants were in complete control of Plaintiffs' schedule, and they were able to keep track of the time worked by Plaintiffs and other similarly situated individuals.

28. Therefore, Defendants willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

29. Plaintiffs were paid bi-weekly with checks without any paystubs showing the number of days and hours worked, wage rate paid, employee taxes deducted, etc. Plaintiffs had no access to check the number of days and hours worked.

30. Plaintiffs disagreed with the number of hours paid to them, and they complained many times. Plaintiffs allege that Defendants manipulated time-records to reflect fewer hours worked every week.

31. Despite regularly requesting Plaintiffs and other similarly situated employees to work more than 40 hours, Defendants did not pay Plaintiffs the required overtime rate, as established by the Fair Labor Standards Act.

32. Plaintiffs had seen many other similarly situated employees working overtime hours without being compensated.

33. Plaintiffs and other similarly situated individuals regularly worked overtime hours because of the demands and with approval and knowledge of their supervisors and managers. The practice of not being paid for hours in excess of 40 became accepted as a condition for the continued job.

34. Defendants have a common pay policy and/or pay practice that violates the FLSA requirements of overtime pay for every hour in excess of 40, within a week.

35. Plaintiffs and other similarly situated individuals were paid for some overtime hours. Still, Defendants did not pay Plaintiffs at the rate of time and one-half their regular payment rate, as established by the FLSA.

36. During the three years (3) preceding the filing of this Complaint, Defendants have violated Title 29 U.S.C. §207, in that:

a. Plaintiffs and those similarly situated have worked hours over 40 in a week, which constitute additional unpaid overtime hours.

b. Plaintiffs and those similarly situated have worked during meal breaks that constitute additional unpaid overtime hours.

c. No payments, or insufficient payments and provisions for payment, have been made by Defendants to adequately compensate Plaintiffs and those similarly situated to Plaintiffs at the rate of one and one-half their regular rate for all hours worked in excess of forty (40) per workweek, as provided by the FLSA.

d. Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

e. Defendants failed to post any notice, as required by the Fair Labor Standards Act, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

37. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation to Plaintiffs and other similarly situated individuals.

38. The additional persons who may become Plaintiffs in this action are employees and former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular and/or overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

39. Plaintiffs are not in possession of time and payment records, and without the benefit of Discovery, it is impossible to offer an accurate Statement of Claim. When Defendants produce employment records, Plaintiffs will file an accurate Statement of Claim.

COLLECTIVE ALLEGATIONS

40. Plaintiffs and the putative collective class members were all "party rental employees, and party rental supervisors," and they performed the same or similar job duties as one another. These job duties consisted of but were not limited to warehousing work, driving, loading, unloading, assemble and disassemble equipment, construction and installation, set-up furniture, florals, and decorations. Plaintiffs performed all tasks associated with the production of an event.

41. Plaintiffs and the putative collective class members were subjected to the same pay provisions, and they were not compensated for all overtime hours worked because of Defendants' common policies and practices, including but not limited to the following:

    a. Plaintiffs and those similarly situated have worked hours over 40 in a week, which constitute additional unpaid overtime hours.

    b. Plaintiffs and those similarly situated have worked during meal breaks that constitute additional unpaid overtime hours.

    c. No payments, or insufficient payments or provisions for payment, have been made by Defendants to properly compensate Plaintiffs and those similarly situated to Plaintiffs at the rate of one and one-half their regular rate for all hours worked in excess of forty (40) per workweek, as provided by the FLSA.

    d. Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

    e. Defendants failed to post any notice, as required by the Fair Labor Standards Act, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

42. Defendants' uniform payment method to Plaintiffs and the putative collective class members resulted in a violation of the FLSA overtime payment requirements and the failure to pay Plaintiffs and the putative collective class members the required overtime wages due.

43. These policies and practices were applied to the Plaintiffs and the putative collective class members.

44. Therefore, the putative collective class members are properly defined as:

   1. **All Event Effects Group' party rental employees and supervisors who worked for Defendant Event Effects Group, located at 2059 Blount Rd, Pompano Beach, FL 33069, at any time from March 23, 2021, to the present, and who:**

   2. **Who currently works as party rental employees and party rental supervisors at Event Effects Group at the above-mentioned location.**

   3. **Who worked in excess of forty (40) hours every week and were not paid proper overtime payment, at the rate of time and one-half his regular rate for all hours worked in excess of forty (40) every week.**

45. Defendants knowingly, willfully, or reckless disregard carried out its illegal pattern or practice of failing to pay overtime wages to Plaintiffs and the putative collective class members.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

46. Plaintiffs DANIEL M. MORALES, LUIS R. CARVALHO, and MANUEL S. LEON re-adopt every factual allegation as stated in paragraphs 1-44 above as if set out in full herein.

47. In the three years preceding the filing of the Complaint in this action, in one or more workweeks, Plaintiffs and other similarly situated party rental employees, worked hours in excess of (40) for which Plaintiffs and other similarly situated party rental employees were not compensated at the statutory rate of time and one-half their regular rate.

48. Plaintiffs and other similarly situated party rental employees were and are entitled to be paid at the statutory rate of time and one-half their regular rate for all hours worked in excess of forty (40) in a workweek.

49. Defendants' actions were willful and showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiffs and other Party rental employees at the statutory rate of time and one-half their regular rate for all overtime hours worked when it knew or should have known when was due.

50. During the three years preceding the filing of this action, other party-rental employees and party rental supervisors were not paid proper overtime hours in one or more weeks because Defendants have the policy and practice of not paying the statutory overtime rate at one and one-half their regular rate of pay for such hours, pursuant to Defendants' policies, plans, and practices which were equally applicable to Plaintiffs and the collective class members.

51. Upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiffs and other similarly situated employees. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

52. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

53. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). Plaintiffs and the collective class members performed services and worked over the maximum hours provided by the Act. Still, no provision was made by the Defendants to properly pay them at the rate of time and one-half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

54. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiffs and similarly situated individuals these overtime wages since the commencement of Plaintiffs' and those similarly situated employee's employment with Defendants as set forth above, and Plaintiffs' and those similarly situated individuals are entitled to recover double damages.

55. At times mentioned, the individual Defendant MITCH AMSTERDAM was the owner and manager of EVENT EFFECTS GROUP. Defendant MITCH AMSTERDAM was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of EVENT EFFECTS GROUP concerning their employees, including Plaintiffs and others similarly situated. Defendant MITCH AMSTERDAM had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

56. Defendants EVENT EFFECTS GROUP and MITCH AMSTERDAM willfully and intentionally refused to pay Plaintiffs and those similarly situated individuals overtime wages at the rate of time and one-half their regular rate, as required by the law of the United States and remain owing Plaintiffs and those similarly situated individuals these overtime wages since the commencement of their employment with Defendants as set forth above.

57. Plaintiffs DANIEL M. MORALES, LUIS R. CARVALHO, and MANUEL S. LEON for themselves and on behalf of other similarly situated individuals have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs DANIEL M. MORALES, LUIS R. CARVALHO, and MANUEL S. LEON, and those similarly situated respectfully request that this Honorable Court:

   A. An order conditionally certifying this action as a collective action.

   B. Issuance of a declaratory judgment that Defendants EVENT EFFECTS GROUP and MITCH AMSTERDAM's practices, as alleged in this Collective Action Complaint, are unlawful.

   C. Requiring Defendants EVENT EFFECTS GROUP and MITCH AMSTERDAM provide the names and current (or best known) mailing and e-mail addresses of similarly situated individuals.

   D. Authorizing Notice of this collective action, or that the Court issue such Notice to all similarly situated individuals informing them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit.

   E. Enter judgment for Plaintiffs DANIEL M. MORALES, LUIS R. CARVALHO, and

MANUEL S. LEON, and other similarly situated individuals and against the Defendants EVENT EFFECTS GROUP and MITCH AMSTERDAM, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

F. Award Plaintiffs DANIEL M. MORALES, LUIS R. CARVALHO, and MANUEL S. LEON, and other similarly situated, actual damages in the amount shown to be due for unpaid overtime compensation for hours worked over forty weekly, with interest; and

G. Award Plaintiffs and other similarly situated an equal amount in double damages/liquidated damages; and

H. Award Plaintiffs and those similarly situated individuals reasonable attorneys' fees and costs of suit; and

I. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiffs DANIEL M. MORALES, LUIS R. CARVALHO, and MANUEL S. LEON demand trial by jury of all issues triable as of right by jury.

Dated:  March 25, 2021

                                                Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs and the Putative Collective Class Members*